# DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSEPHINE V. LEON GUERRERO and
EDWARD A. BAZA,

        Defendants.

CRIMINAL CASE NO. 15-00024

**ORDER AND DECISION
RE MOTION TO DISMISS
THE INDICTMENT**

This matter is before the court on Defendant Josephine V. Leon Guerrero's and Defendant Edward A. Baza's Motion to Dismiss the Indictment.[1] *See* ECF No. 96. Hearings on the motion were held on October 29, November 18 and 25, 2015. After hearing argument from the parties, the court took the motion under advisement. For the reasons discussed more fully herein, the court sets forth the bases for its decision in **DENYING** Defendants' Motion to Dismiss the Indictment.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On April 29, 2015, Defendant Josephine V. Leon Guerrero and Defendant Edward A.

---

[1] Defendants' Motion to Strike *Gonzales-Contreras* (ECF No. 120) is denied as moot, because the court did not consider it in its decision.

1

Baza (hereinafter "Defendants") were indicted on the following charges:[2] Count 1, Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); and Count 2, Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) and 18 U.S.C. § 2. *See* ECF No. 1.

According to the Government,[3] a postal inspector intercepted a package sent to P.O. Box 2454, Hagatna, Guam, on August 19, 2013. That post office box belongs to Defendant Josephine Leon Guerrero. The package, which contained methamphetamine, was sent by Mark Delos Reyes, who was residing in California at the time he sent the package. The package was picked up by Defendants, whom the agents followed to their residence.

On October 20, 2015, Defendants filed the instant motion to dismiss the Indictment, challenging this court's jurisdiction. The core of Defendants' argument is that the Sixth Amendment does not apply to Guam, because Guam is not a "State" and a "district".[4] Therefore,

---

[2] The Indictment charges two other defendants and additional counts for those defendants, none of which are pertinent here.

[3] As these facts have not been proven at trial, they are merely allegations. However, to give context to the case, the court relies on the Government's factual information.

[4] At the November 25, 2015 hearing, Defendants, through their counsel, clarified on the record that they are arguing subject matter jurisdiction, *not* personal jurisdiction.

In addition, venue is not at issue. Pursuant to 18 U.S.C. § 3237(a), "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

In this case, the alleged crime began in California when the package was mailed from there to Guam. In addition, because the offense involved the use of mail, it was a continuing offense. When the package arrived on Guam, the alleged crime was completed. Accordingly, Guam is a proper venue because the alleged crime was completed on Guam.

Defendants argued the application of 18 U.S.C. § 3238, in support of California as the proper venue. That section provides that the "[t]rial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction

2

Defendants argue, Guam is not a judicial district and the offenses with which they are charged are cognizable only in California—not Guam—because that is where the alleged crime occurred and that is where Defendants were residing at the time of the Indictment.

**II. DISCUSSION**

The Sixth Amendment of the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of *the State and district wherein the crime shall have been committed*, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI (emphasis added).

As established at the motion hearing, Defendants concede that the alleged crimes were committed both in California and Guam. Specifically, the package was sent from California to the Defendants on Guam. The question now becomes whether the Sixth Amendment is applicable to Guam, since Guam is a territory and not a State.

The U.S. Constitution gave the U.S. Congress the authority to legislate laws and to "make all needful Rules and Regulations respecting the Territory[.]" *See* U.S. CONST. ART. I, § 1 and ART. IV, § 3, cl. 2. In accordance with its constitutional authority, Congress established the Organic Act of Guam, which sets forth Guam's Bill of rights. *See* 48 U.S.C. § 1421b. Therein, subsection (g) of § 1421b, provides that "[i]n all criminal prosecutions the accused shall have the

---

of any particular State or district, shall be in the district in which the offender, or any one or two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia." 18 U.S.C. § 3238.

This section is inapplicable in this case because the alleged crime was committed in the district of Guam, not on the high seas or elsewhere out of the jurisdiction of any particular State or district. As discussed fully herein, Congress has conferred the same jurisdiction to Guam as that of a district court of the United States.

right to a speedy and public trial; to be informed of the nature and cause of the accusation and to have a copy thereof; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

Defendants' argument on subsection (g) is twofold: first, subsection (g) is not a mirror image of the Sixth Amendment; and second, subsection (g) was repealed by subsection (u). This court recognizes that subsection (g) is not a mirror image of the Sixth Amendment, as it leaves out the following language from the Sixth Amendment, "by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," and adds, "and to have a copy thereof" as it pertains to a defendant being informed of the nature and cause of the accusation.

However, subsection (u) applied the Sixth Amendment to Guam in its entirety. Subsection (u) provides in pertinent part that "[t]he following provisions of and amendments to the Constitution of the United States are hereby *extended to Guam* to the extent that they have not been previously extended to that territory and *shall have the same force and effect there as in the United States or in any State of the United States*: . . . *the first to ninth amendments inclusive* . . ." (emphasis added).

Defendants assert that subsection (g) was repealed by this very same subsection (u) because "[a]ll laws enacted by Congress with respect to Guam and all laws enacted by the territorial legislature of Guam which are inconsistent with the provisions of this subsection [u] are repealed to the extent of such inconsistency." 48 U.S.C. § 1421b(u). This court does not find any inconsistencies between subsection (g) and the Sixth Amendment. The difference in language in subsection (g) does not counter the language of the Sixth Amendment, and they are therefore not inconsistent with each other.

4

Assuming *arguendo* that subsection (g) is repealed by subsection (u), the Sixth Amendment would still apply to Guam, because subsection (u) extends the Sixth Amendment to Guam. In addition, while Guam is a territory and not a State, subsection (u) applied the Sixth Amendment to Guam with "the same force and effect [in Guam] as in the United States or in any State of the United States[.]" 48 U.S.C. § 1421b(u).

Not only does the Sixth Amendment apply to Guam in its entirety with the same force and effect as in the United States or in any State of the United States, but Congress also established this court—the District Court of Guam, which "shall have the jurisdiction of a district court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, and that of a bankruptcy court of the United States." 48 U.S.C. § 1424(b). Although this court was established under Article IV and not under Article III and it may not have been enumerated as a "District Court" under Chapter 5 of Title 28 of the United States Code (Sections 81-131),[5] Section 1424(b) of Title 48 of the United States Code could not be any clearer as to this court having the same jurisdiction as a district court of the United States.

The United States Supreme Court recognized said jurisdiction in *Territory of Guam v. Olsen*. In that case, the issue presented before the court concerns appellate jurisdiction of the District Court from decisions of local courts in matters arising under local law. *Olsen*, 431 U.S. 195, 200 (1977). The Supreme Court, however, noted at the outset of its decision that the "District Court of Guam shall have the jurisdiction of a district court of the United States[.]" *Id.*

Consistent with the United States Supreme Court, the Ninth Circuit has held that pursuant to 48 U.S.C. § 1424, the District Court of Guam has jurisdiction to hear criminal cases involving violations of federal law. *United States v. Santos*, 623 F.2d 75, 76 (9th Cir. 1980).

Defendants dispute the application of 48 U.S.C. § 1424(b), citing to *Nguyen v. United*

---

[5] Chapter 5 of Title 28, U.S.C., governs the district courts of the United States.

5

*States*, wherein the Supreme Court stated that "Congress did not contemplate the judges of the District Court for the Northern Mariana Islands to be district judges[.]" *Nguyen*, 539 U.S. 69, 76 (2003) (internal quotations omitted). That case is irrelevant to the instant case, as that case pertains to the composition of an appellate panel pursuant to 28 U.S.C. § 292(a), and the issue of whether an Article IV judge can sit as an appellate judge for the Ninth Circuit. *See id.* at 71-76. The matter before this court is whether the District Court of Guam has jurisdiction over Defendants.

This court does not claim to be an Article III court, nor does it claim that Guam is a State. However, this court finds that it has jurisdiction over Defendants, through the statutory authority granted to it by the United States Congress, pursuant to 48 U.S.C. § 1424(b). Further, this court finds that the Sixth Amendment is applicable to Guam, pursuant to 48 U.S.C. § 1421b(g) and (u).

### III. CONCLUSION

Based on the discussion above, the court hereby **DENIES** Defendant Josephine V. Leon Guerrero's and Defendant Edward A. Baza's Motion to Dismiss the Indictment. The court will issue a separate order setting an evidentiary hearing on Defendants' ability to travel to Guam.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
 **Chief Judge**
**Dated: Dec 22, 2015**